# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Iron Bow Technologies, LLC | ) | ASBCA No. 59181 |
| | ) | |
| Under Contract No. W91QUZ-07-D-0010 | ) | |

APPEARANCES FOR THE APPELLANT: James C. Fontana, Esq.
David B. Dempsey, Esq.
Dempsey Fontana, PLLC
Reston, VA

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
MAJ Joseph K. Venghaus, JA
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S MOTION TO DISMISS

Before the Board is the government's motion to dismiss appellant's appeal for failure to state a claim upon which relief can be granted. Because the motion presents matters outside the complaint, the Board treats the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d). The Board finds that the parties have had a reasonable opportunity to present all the material that is pertinent to the motion. *See id.* The Board denies the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 20 July 2012, the Department of the Army (through the United States Property and Fiscal Officer for the Maine National Guard) (the government) and Iron Bow Technologies, LLC (appellant), entered into Contract No. W91QUZ-07-D-0010 for the provision of video teleconferencing equipment (R4, tab 1). The certificate of appointment of the contracting officer (CO) who signed the contract (R4, tab 2), dated 19 December 2011, provides that the CO had:

> Sole authority to (a) sign and award contracts not to exceed
> $500,000; sign and issue modifications not to exceed
> $500,000; (b) administer contracts; (c) issue notices of
> termination for the convenience of the Government; issue
> termination agreements not to exceed $500,000; (d) sign

and issue delivery orders without monetary limitations against GSA schedule contracts.

2. The contract provided for a base year with two option years (R4, tab 1). The contract recited that the "TOTAL AWARD AMOUNT" was $231,533, and indicated that the value of the option years was $230,628 and $229,724, respectively (*id.* at 1, 3). The government did not exercise either option (R4, tab 4).

3. Appellant presented a certified claim to the CO dated 1 November 2013 alleging that the CO's failure to exercise the option years was a "violation" of the contract (R4, tab 11). The claim was denied on 10 December 2013 (R4, tab 14). This appeal was timely filed on 27 February 2014.

## DECISION

The government's motion for failure to state a claim relies on matters outside the pleadings; under such circumstances the Board will treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d); *D&F Marketing Inc.*, ASBCA No. 56043, 09-1 BCA ¶ 34,108 at 168,663. Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). The government questions whether the CO possessed the authority to bind the government to the contract. However, there is no dispute as to any material fact. The parties do not dispute that (1) the contract's base year amount was $231,533; (2) the first option year amount was $230,628; and (3) the second option year amount was $229,724 (SOF ¶ 2). Nor do the parties dispute that the CO possessed authority to "sign and award contracts not to exceed $500,000," and to "sign and issue modifications not to exceed $500,000" (SOF ¶ 1).

The contract recites that the "TOTAL AWARD AMOUNT" was $231,533 (SOF ¶ 2), the amount of the base year. That amount was within the CO's authority to sign and award contracts (SOF ¶ 1). In addition, the CO possessed authority to issue modifications not to exceed $500,000; consequently, the CO possessed the authority to issue modifications exercising the option years, neither of which exceeded $500,000. Even if the CO had issued a single modification exercising both option years, the amount of that modification would have been $460,352 ($230,628 plus $229,724) (SOF ¶ 2), less than the $500,000 limit of the CO's modification authority (SOF ¶ 1).

For these reasons, we interpret the CO's appointment certificate to provide the necessary authority to bind the government to the contract, and to modify the contract by exercising its option years. Accordingly, the government is not entitled to judgment in its favor on the issue of the CO's authority, and the Board denies the government's motion.

2

The Board does not find that appellant has abandoned any of the counts of its complaint. In addition, although the government, in its reply, contends that "appellant's contention that the government's failure to exercise option periods of a contract equates to termination for convenience is legally baseless" (gov't reply at 2), that issue has not yet been adequately presented to the Board, and the Board does not now address it.

The government shall answer appellant's complaint within 21 days of the date of this Decision.

Dated: 9 July 2014

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

PETER D. TING
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59181, Appeal of Iron Bow Technologies, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3